IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSHUA R. PERKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 12-1095-CV-W-ODS |
| ) | Crim. No. 11-0051-02-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF AND
DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The Motion is denied, and the Court declines to issue a Certificate of Appealability.

I. BACKGROUND[1]

Movant was indicted in the second count of a two-count Indictment, charging him with being a felon in possession of a firearm. Movant negotiated and executed a Plea Agreement with the Government, whereby he agreed to plead guilty to the charge. Movant's primary motivation for pleading guilty was the opportunity to receive a three level reduction in his offense level for acceptance of responsibility. Rule 11 Tr. at 17. Paragraph 4 of the Plea Agreement establishes that "all other uncharged related criminal activity may be considered as 'relevant conduct' pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty." Paragraphs 6(b) and 10(f) clarify that the Court will ascertain the proper application of the Sentencing Guidelines. Paragraph 10 contains the parties' agreements regarding application of the Sentencing Guidelines to the extent such agreements were made. There was no specific agreement regarding relevant conduct beyond the already-referenced portion of

---

[1]There is no need for a hearing in this matter because there are no relevant factual disputes to resolve.

paragraph 4.  Finally, paragraph 15 waived Movant's right to challenge any sentencing decisions, either collaterally or on direct appeal, subject to certain exceptions that are not implicated in this proceeding.

During the change of plea hearing, the Assistant United States Attorney described the circumstances of the crime.  He explained that Movant and his co-defendant were sought by law enforcement authorities because they were believed to have been involved in a gang-related shooting, and that upon being arrested, both Movant and his co-defendant admitted to having been involved in the shooting.  Rule 11 Tr. at 13-15.

The Presentence Investigation Report ("PSR") describes the pre-indictment events in greater detail.  When arrested, Movant had a bag of marijuana in his pocket and a handgun in his waistband.  After arresting Movant and his co-defendant, law enforcement searched the hotel room they had rented.  Inside, they encountered a strong odor of marijuana and found "two digital scales with marijuana residue."  PSR, ¶ 16.  Movant's co-defendant admitted the duo sold marijuana but, upon recognizing what he said, immediately retracted the statement.  PSR, ¶ 19.  With respect to the shooting, Movant "advised that he was driving the car on February 10, 2011, and that he also shot at the truck with his firearm."  PSR, ¶ 17.  Movant also made statements denying that he shot at the truck, although he admitted (and never denied) driving the car involved in the shooting.  PSR, ¶ 17-19.

In calculating the guideline range, the PSR assigned a base offense level of 20 because the instant offense was committed after Movant's prior conviction for a violent felony; namely, a state conviction for second degree burglary.  PSR, ¶ 25.  The PSR added four levels because the instant offense was committed in connection with another felony, referencing both the assault (firing on the truck) and distribution of marijuana.  PSR, ¶ 26.  After subtracting three levels for acceptance of responsibility, the PSR determined Movant's Adjusted Offense Level was 21 and his Criminal History Category was IV, resulting in an advisory sentencing range of 57 to 71 months.

Movant objected to the four-level enhancement, contending that at best the evidence demonstrated his co-defendant sold marijuana and his co-defendant fired the gun at the truck.  However, at the sentencing hearing his attorney withdrew the objection

and he expressed his assent to this decision.  Sentencing Tr. at 2.  In applying the sentencing factors set forth in 18 U.S.C. § 3353(a) and explaining the sentence, the Court considered the fact that Movant had fired the gun at another vehicle.  Sentencing Tr. at 7-8.  Offset against this conduct was the fact that part of his criminal history involved a very minor offense, and the Court sentenced Movant to 57 months of imprisonment.  Sentencing Tr. at 10-11.

In this proceeding, Movant asserts what appear to be four distinct claims for relief.  His first claim asserts his attorney was ineffective because he allegedly told Movant there would be no enhancement based on other criminal activity.   His second claim relates to the calculation of his criminal history score.   His third claim alleges the four-point enhancement should not have been added to his offense level.   His fourth and final claim involves his personal access to discovery.

## II.   DISCUSSION

### A.   Ineffective Assistance of Counsel

Movant alleges his attorney provided ineffective assistance when he advised Movant that the PSR's recommendation of a four-point enhancement would not be imposed.   A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).   "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)).   This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent

3

assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

For the sake of argument the Court will assume Movant's allegations about counsel's representations are accurate. The difficulty is there is no prejudice. In fact, Movant does not even suggest how he was prejudiced. He does not suggest he would have gone to trial that he would have done anything differently, or how the outcome of the proceedings would have been different.

It may be that Movant is challenging the withdrawal of his objection at sentencing. If so, he is still not entitled to relief. First, he specifically indicated his agreement with that decision. Second, Movant provides no basis for concluding the objection would have been sustained and the Record suggests otherwise in any event. Movant contends shell casings from the scene do not match his gun. Even if this were true, the fact that none of the casings matched his gun does not mean his gun was not used – particularly given that (1) both Movant and his co-defendant told law enforcement that they shot at the truck and (2) witnesses reported seeing individuals picking up shell casings before the police arrived. PSR, ¶ 13. In addition, Movant advances no argument suggesting it was clearly improbable that his firearm was used to facilitate trafficking in marijuana. See United States v. Almeida-Perez, 549 F.3d 1162, 1175 (8th Cir. 2008) (when enhancement under section 2K2.1(b)(6) is applied and "the other felony is drug trafficking, the district court must apply the enhancement unless it is clearly improbable that the guns were possessed in connection with the drug offense."). There being no prejudice, Movant's first claim must be rejected.

4

### B. Calculation of Criminal History Score

Movant next challenges the calculation of his criminal history score. He does not couch this argument in terms of ineffective assistance of counsel, probably because his attorney raised an objection during sentencing. Instead, he simply argues the Court's calculation was incorrect. This claim is rejected for two reasons. First, Movant specifically surrendered his right to challenge guideline calculations on appeal and in postconviction proceedings. Second, a postconviction proceeding cannot be used to vindicate claims that should be presented on direct appeal. E.g., Aumann v. United States, 67 F.3d 157, 161 (8th Cir. 1995).

### C. Four-Level Enhancement for Relevant Conduct

In this argument Movant contends the Court erred in imposing the four-level enhancement discussed in connection with his ineffective assistance of counsel claim. As a procedural matter, the claim cannot be considered for the reasons discussed in part II.B, above. Moreover, the claim lacks merit because, as explained in part II.A, it was not clearly improbable that Movant possessed the firearm in furtherance of a drug trafficking crime and there was abundant evidence that Movant used the firearm to shoot at a person in a moving truck.

### D. Access to Materials

In his final argument Movant complains that his attorney would not allow him to keep a copy of the discovery obtained in the case. Counsel allowed Movant to look at the materials in his presence, but would not leave a copy with him. In the Court's experience, it is usually the case that the Government provides defense attorneys with access to its evidence – which it does not have to do – in exchange for a promise that the material will not be permanently left with a defendant.

5

Movant does not challenge counsel's conduct per se, but rather the restrictions that prevented counsel from allowing Movant to keep the materials. This claim is one that should have been presented, if at all, on direct appeal and not in a postconviction proceeding. Moreover, Movant does not contend that he was unable to view the materials sufficiently, discuss the matter adequately with his attorney or that he was otherwise prejudiced. To the contrary, during the change of plea hearing Movant confirmed that he had adequate opportunity to consider the matter and to decide whether to change his plea. Rule 11 Tr. at 11-12. Finally, Movant does not identify any legal error.

### III.  DENIAL OF CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(b), Rules Governing Section 2254/2255 Proceedings. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

None of Movant's arguments deserve further consideration. With regard to the first claim, Movant suggests no basis for concluding he was prejudiced by counsel's alleged deficiency. The other claims are not cognizable, either because of the Plea Agreement or because they are not cognizable in a postconviction proceeding (or both), and the third and fourth claims fail on the merits in any event. There is no argument worthy of further consideration.

6

## IV.   CONCLUSION

The Motion for Postconviction Relief is denied.   A Certificate of Appealability will not be issued.

IT IS SO ORDERED.


DATE: February 27, 2013
/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT